IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J'NITA McKENZIE,

       Plaintiff,

vs.                                                                            Civ. No. 01-411 JP/WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision ("Motion"), filed January 7, 2002 **[Doc. 8]**. Plaintiff alleges a disability which commenced on April 3, 1992 due to chronic fatigue syndrome and hypothyroidism. Tr. at 44, 80. Plaintiff was born on June 7, 1941, has completed two and a half years of college, and has been self employed as an insurance agent since 1988. Tr. at 44, 84.

    2. Plaintiff initially filed an application for disability insurance benefits on September 26, 1994. Tr. at 44, 47. Following an administrative hearing, an ALJ issued an unfavorable decision on May 16, 1996. Tr. at 11. On June 5, 1998, this Court remanded the case and ordered the ALJ to evaluate Plaintiff's work activity under the guidelines set forth in Social Security Ruling ("SSR") 83-34. Tr. at 271. On February 20, 1999, another ALJ issued an unfavorable decision. Tr. at 449. The Appeals Council found that this decision did not comply with the Court's order and remanded the case to another ALJ for evaluation. Tr. at 535. On December 21, 2000, a third ALJ issued an unfavorable decision for Plaintiff. Tr. at 248. Plaintiff ultimately filed a complaint

with this Court on April 11, 2001 appealing the ALJ's decision of December 21, 2000. **[Doc. 1]**.

3. Plaintiff contends that the ALJ erred when he determined that Plaintiff engaged in substantial gainful activity ("SGA"). Specifically, Plaintiff alleges the following errors: (1) the ALJ's decision was wrong because Plaintiff "clearly lacked the capacity to perform significant work related tasks," and (2) the ALJ "disregarded substantial evidence . . . that [Plaintiff] was no longer able to function effectively in the insurance business." Pl.'s Br. in Support of Mot. at 1.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993); see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted). In this case, the ALJ determined that Plaintiff was not disabled at step one of the sequential analysis.

6. At step one, the claimant has the burden of showing that she is not performing SGA. See 20 C.F.R. 404.1571; Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992) (claimant has the burden of proving disability); Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989) (claimant engaged in SGA will not be found disabled no matter how severe her impairments). Work may be substantial even if it is done on a part-time basis or even if claimant does less, has

less responsibility, or makes less income than in previous work. SSR 83-34.

7. "[A] person who is engaging in SGA is not eligible for payment of disability benefits." SSR 83-34. Determinations of SGA for self-employed persons are based on three tests, "all of which must be considered before it can be established that the self-employed person is not or was not engaged in SGA." Id. Thus, if a self-employed claimant engages in SGA under any one of the three tests described in SSR 83-34, she is not eligible for disability benefits. Here, the ALJ found that Plaintiff engaged in SGA under Test One of SSR 83-34.

8. Test One defines Plaintiff's work activity as SGA if she "renders services that are significant to the operation of the business and if . . . she receives a substantial income from the business." SSR 83-34(A). Id. I will address "significant services" and "substantial income" separately.

**Significant Services**

9. Under the standards set forth in Test One, "[t]he services of an individual in a one-person business are <u>necessarily</u> significant." SSR 83-34(A)(1)(a) (emphasis added).

10. Plaintiff does not dispute the ALJ's conclusion that she "has operated a 'one-person' business during the period under review.[1]" Tr. at 256. Rather, Plaintiff alleges that her income flows from the renewals of insurance policies that were written before 1994 and contends that these renewals do not constitute "significant" work activity. Pl.'s Br. at 5. Plaintiff further points out that she "operates only a <u>fraction</u> of what her business once was." Id. at 8. However, the size of a one-person business is not relevant in determining whether Plaintiff renders "significant

---

[1] Indeed, Plaintiff concedes that she has "the tail end of a business that she's operating out of her home." Tr. at 620.

3

services" to that business. Under the criteria established in Test One, the ALJ need only find that the Plaintiff provided services to her business, in order to find that those services are "significant."

11. There is ample evidence in the record that Plaintiff provided services to maintain her business. As the ALJ noted, Plaintiff's tax records list various expenses and deductions related to the maintenance of her insurance business. See, e.g., tr. at 340-41, 346, 365-66, 368, 391-92, 395. Plaintiff indicated that she spends approximately two hours every one to two weeks performing services related to her business. Tr. at 193, 544. Plaintiff makes notes and sends out mail in conjunction with the receipt of annual renewals. Tr. at 629. Plaintiff occasionally "help[s] [a client] with a claim, and calls up the insurance company." Tr. at 608. She maintains an office in her home where she keeps insurance files and office equipment. Tr. at 622, 623. Plaintiff maintains tax and business licenses "in order to be able to receive the[] [commissions from insurance renewals][2]." Tr. at 621.

12. In addition, Plaintiff's clients apparently can choose to renew their insurance policies with other companies or transfer their business to another insurance agent. Tr. at 627, 629 (explaining that the clients could "give th[e] business to another agent"). The evidence indicates that Plaintiff makes efforts to maintain her current clients. Ttr. at 626-27, 629-30 (testifying that each year she delivers calendars to her clients with her card attached). The ALJ's finding that Plaintiff rendered significant services to the operation of her business under Test One is supported by substantial evidence.

**Substantial Income**

---

[2] Later at the same hearing, Plaintiff testified that she "would still receive [her] commissions] if . . . [her] license lapse[d]," although she was "not certain" about that. Tr. at 629.

13. Assuming that Plaintiff renders significant services to her business, she "will be found engaged in SGA if . . . she receives substantial income from the business." SSR 83-34(A)(1)(a). "A self-employed individual will have substantial income from a business if 'countable income' . . . averages more per month than . . .[the amount listed] in the SGA Earnings Guidelines." SSR 83-34(A)(2). Furthermore, even if Plaintiff's countable income is less than that listed in the Earnings Guidelines, she will have substantial income "if the [post-disability] livelihood which . . . she derives from the business is comparable to that which . . .she had before becoming disabled." Id. The ALJ found that Plaintiff maintains a substantial income because she continues to derive a livelihood from her business comparable to that which she enjoyed before the alleged onset of her disability. Tr. at 255.

14. The parties do not dispute the ALJ's determination that the Plaintiff earned the following amounts during the indicated time periods:

> $6,054 in 1988; $15,013 in 1989; $10,457 in 1990; $10,606 in 1991; $14,211 in 1992; $16,099 in 1993; $18,411 in 1994; $13,225 in 1995; $13,845 in 1996; $11,476 in 1997; $7,707 in 1998; and at least $5,500 in 1999

15. These earnings represent substantial evidence that support the ALJ's finding that Plaintiff derived a livelihood during the years 1993 through 1998, that was comparable to that which she enjoyed prior to her disability. Thus, the ALJ's determination that Plaintiff engaged in SGA during those years should be affirmed.

16. However, the ALJ also found that the Plaintiff's income was substantial through the years of 1999 and 2000. Tr. at 255. In reaching that finding, the ALJ noted that although "there is little specific evidence as to the amounts of Plaintiff's earnings for the years 1999 and 2000, the

5

evidence which has been provided for 1999 indicates that she earned at least $5,500 during that year." Id. The ALJ found that Plaintiff "has not met her burden of demonstrating that her income has been reduced, and she has demonstrated an uncooperative attitude when asked for the information needed to make that determination." Id.

17. As previously noted, the Plaintiff has the burden of showing that she is not engaged in SGA. See 20 C.F.R. 404.1571; Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992) (claimant has the burden of proving disability). At the same time, however, the ALJ is responsible "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Hawkins v. Chater, 113 F.3d 1162, 1162 (10th Cir. 1997) (citing Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. S 404.944 (requiring the ALJ to "look[] fully into the issues"). Whether the ALJ satisfied his duty to develop the record depends on whether the ALJ asked sufficient questions to inform himself about the facts relevant to his decision. See Henrie, 13 F.3d at 361 (citing Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987)).

18. The Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff received substantial income from her business in 1999. The ALJ satisfied his duty to develop the record by requesting additional information (i.e., Plaintiff's tax return), which the Plaintiff failed to provide. Tr. at 630-31, 644. Moreover, the ALJ was justified in concluding that Plaintiff "demonstrated an uncooperative attitude" and that she failed to meet her burden of showing that she did not engage in SGA in 1999. Consequently, the ALJ's determination that Plaintiff engaged in SGA in 1999 should also be affirmed

19. The Court finds that the ALJ did not similarly satisfy his duty to develop the record

6

with respect to the Plaintiff's earnings in the year 2000. The ALJ concluded that there was "no reason to surmise that [Plaintiff's] income has been significantly reduced in the past two years [1999, 2000] from the levels she was maintaining for several prior years." Tr. at 255. However, nothing indicates that the ALJ made similar attempts to obtain evidence of Plaintiff's earnings in 2000 as he did with respect to 1999. The ALJ's failure to develop the record was contrary to law and the finding that Plaintiff received substantial income in the year 2000 was not supported by substantial evidence. Consequently, this matter should be remanded for further proceedings in order to determine whether Plaintiff received substantial income from her business in the year 2000 under the standards set forth in SSR 83-34.

**Recommended Disposition**

20. I recommend that the ALJ's determination that the Plaintiff engaged in substantial gainful activity during the years of 1993 through 1999 be **affirmed**.

21. I recommend that Plaintiff's Motion to Reverse and Remand Administrative Agency Decision **[Doc. 8]** be **granted in part** and that this matter be **remanded** for additional proceedings in order to determine whether Plaintiff received substantial income from her business in the year 2000 under the standards set forth in SSR 83-34.

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE